## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

*United States of America v. John Richard Koesterman*
Case No. 3:13-cr-00048-TMB

By: THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS: ORDER FROM CHAMBERS

The matter comes before the Court on the Government's Motion to Authorize Payment from an Inmate Trust Account ("the Government's Motion") [1] and Defendant John Koesterman's Motion to Amend the Judgment ("Koesterman's Motion").[2] For the following reasons, the Court **GRANTS** the Government's Motion **as amended** and **DENIES** Koesterman's Motion.

### A. Background

On September 16, 2013, pursuant to a plea agreement, Koesterman pleaded guilty to Conspiracy to Defraud the Government with Respect to Claims in violation of 18 U.S.C. § 286 (Count 1); Mail Fraud in a violation of 18 U.S.C. § 1341 (Count 5); and Aggravated Identity Theft in violation of 18 U.S.C. § 1028A (Count 15).[3] In the underlying offense, Koesterman lead a conspiracy to obtain payment of false claims of tax refunds from the Internal Revenue Service (IRS) while incarcerated.[4] Koesterman and his co-conspirators attempted to claim $275,127 in false income tax refunds using personal identifying information from fellow inmates, sometimes without the knowledge or permission of the individuals.[5] On December 27, 2013, Koesterman was sentenced to 108 months of imprisonment to be followed by three years of supervised release.[6] He is currently housed at Federal Correctional Institution Leavenworth with a projected release date of December 15, 2031.[7]

The Court ordered Koesterman to pay $95,568.00 in restitution.[8] The Government submits that Koesterman has paid $29,956.97 toward the restitution amount, and he currently owes $52,650.70 on the judgment, not including simple interest accruing daily at a rate of 0.130%.[9] In the Government's Motion, it requests that the Court authorize the Bureau of Prisons (BOP) to transfer funds held in Koesterman's inmate trust account to the Clerk of Court to be paid toward

---

[1] Dkt. 73 (Government's Motion to Authorize Payment from an Inmate Trust Account).
[2] Dkt. 74 (Koesterman's Motion to Amend the Judgment).
[3] Dkt. 28 (Minute Entry); Dkt. 25 (Plea Agreement).
[4] Dkt. 33 (Final Presentence Investigation Report) at 2.
[5] *Id.*
[6] Dkt. 41 (Judgment).
[7] *See* BOP Inmate Locator, https://www.bop.gov/inmateloc/.
[8] Dkt. 41 at 5.
[9] Dkt. 73 at 2.

Koesterman's remaining restitution amount.[10] The Government states that it recently learned that Koesterman has $17,974.62 in his inmate trust account.[11] It argues that under 18 U.S.C. § 3613 and the Mandatory Victims Restitution Act (MVRA), the judgment ordering restitution gives the Government an interest in Koesterman's property and that resources from any source during a period of incarceration must be applied to any restitution or fine still owed.[12] The Government further argues that Koesterman failed to notify the Court of a material change in his economic circumstances as required by 18 U.S.C. § 3664(k).[13] The Government requests the Court to authorize the transfer of the total amount in Koesterman's inmate trust account less $200.00.[14]

Koesterman responded to the Government's Motion by filing a Motion to Amend the Judgment.[15] Koesterman argues that he only earns up to $27.00 per month in wages while incarcerated and the remaining balance comes from friends and family sending him money for his needs while incarcerated.[16] He states that, under the BOP's Inmate Financial Responsibility Plan, he must pay at least 50% of his wages earned in custody to restitution.[17] Koesterman asks the Court to amend his judgment to reduce the amount of restitution he must pay while in custody so that he only pays wages he earns in custody toward his judgment.[18]

The Government responded in opposition to Koesterman's Motion.[19] It argues that while the Inmate Financial Responsibility Plan requires Koesterman to pay a certain amount of his wages toward restitution, it does not limit the Government's ability to take other collection actions while Koesterman is incarcerated.[20] The Government also argues that under 18 U.S.C. § 3664(k), Koesterman was required to report any material change in his "economic circumstances" that might affect his ability to pay restitution.[21] The Government amends its Motion to reduce the amount it requests the Court garnish to "ensure that the Government does not inadvertently garnish BOP wages."[22] Relying on information it received from BOP, the Government learned that Koesterman receives an average of $18 per month in wages.[23] The Government rounds this figure up to $20 per month to calculate the wages Koesterman has earned since Koesterman's Inmate Trust Account funds were last garnished in May 2016.[24] Assuming that Koesterman has saved all

---

[10] *Id.* at 1.
[11] *Id.* at 2.
[12] *Id.* at 3–4.
[13] *Id.* at 5.
[14] *Id.* at 3.
[15] Dkt. 74.
[16] *Id.* at 1.
[17] *Id.* at 1–2.
[18] *Id.* at 2.
[19] Dkt. 75 (Response in Opposition).
[20] Dkt. 75 at 2 (citing 18 U.S.C. § 3664(n); *United States v. Samuel*, 2016 WL 632806, *2 (E.D. Calif. 2016)).
[21] *Id.*
[22] *Id.* at 3.
[23] Dkt. 76 (Decl. of Maiker Yutuc) at 2.
[24] *Id.*

of his earned wages, the Government estimates that $2,140.00 of Koesterman's Inmate Trust Account constitutes earned wages.[25] The Government rounds up again to request that the Court leave $2,200 in Koesterman's Inmate Trust Account in addition to the $200 it originally recommended Koesterman keep.[26] In total, the Government now seeks to garnish $15,547.62 to be applied to Koesterman's restitution.[27]

Koesterman responded to the Government's Response in Opposition with a letter to the Court arguing that he has already paid a substantial portion of his judgment while incarcerated and asks the Court not to authorize the payment the Government requests.[28]

### B. Legal Standard

The MVRA provides that "[i]f a person obligated to provide restitution, or pay a fine, receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed."[29] "The MVRA contemplates enforcement of a restitution order through '[all] available and reasonable means.'"[30]

Under 18 U.S.C. § 3664(n), "substantial resources from any source" is not limited to payments from a single source and includes "deposits from family and friends that accrued to form a substantial sum."[31] Further, the language of § 3664(n) is self-executing, and does not require an amendment of a restitution order before a court may authorize BOP to turn over inmate funds.[32] Finally, the court is not required to hold an evidentiary hearing to determine the source of funds in an inmate trust account where the government presents sufficient evidence that prison wages will not be garnished.[33]

### C. Discussion

Upon entry of the judgment against Koesterman, a restitution amount of $95,868.00 became due immediately.[34] The Court provided that monetary penalties must be paid during the period of incarceration and that 50% of Koesterman's wages earned while in custody must be paid to his restitution amount.[35] The Judgment does not prohibit other means of collecting the full restitution amount, and the MVRA requires payment of restitution from substantial resources "from any

---

[25] *Id.*
[26] *Id.*, Dkt. 75 at 4.
[27] Dkt. 75 at 4.
[28] *See generally* Dkt. 77 (Koesterman's *Ex Parte* Letter to the Court).
[29] 18 U.S.C. § 3664(n).
[30] *United States v. Myers*, 136 F.4th 917, 926 (9th Cir. 2025) (citing 18 U.S.C. § 3664(m)(1)(A)(ii)) (alteration in original).
[31] *Id.* at 927.
[32] *Id.*; *see also* 18 U.S.C. § 3664(n) ("[S]uch person *shall be required* to apply the value of such resources to any restitution or fine still owed." (emphasis added)).
[33] *Myers*, 136 F.4th at 928 (affirming district court's method of avoiding garnishment of prison wages by assuming all wages earned over a certain period remained in the inmate's account).
[34] Dkt. 41 at 6.
[35] *Id.*

source" received during a period of incarceration.[36] Substantial resources include accrued deposits from family and friends.[37] The Court accepts the Government's declaration as to its calculations to avoid any garnishment of Koesterman's wages.[38]

For the foregoing reasons, it is hereby ORDERED that:

1. The Government's request to amend its Motion at Docket 73 to reduce the amount requested to $15,574.62 is **GRANTED;**

2. The Government's Motion at Docket 73, as amended, is **GRANTED**;

3. Koesterman's Motion at Docket 74 to reduce the amount of restitution he must pay while incarcerated is **DENIED**; and

4. BOP is **ORDERED** to garnish the trust account for inmate John Richard Koesterman, Register No. 15926-006, in the amount of $15,574.62 and turn over the funds to the Clerk of Court for the United States District Court for the District of Alaska. The Clerk of Court shall apply these funds as payment towards Koesterman's restitution obligation in this case.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: July 17, 2025.

---

[36] *Id.*; 18 U.S.C. § 3664(n).
[37] *See Myers*, 136 F.4th at 927.
[38] *See id.* at 928.